2. SET-OFF AND RECOUPMENT, § 18*—*when damages for breach of contract may be recouped.* In an action against a City on a contract for the transportation of garbage under which plaintiff agreed to furnish seaworthy boats, defendant may recoup damages caused by the sinking of one of the boats, owing to its being unseaworthy, carrying down with it garbage boxes owned by defendant, obstructing navigation and putting defendant to the expense of raising it.

---

## William S. Tait, Appellee, v. Chicago Structural Tile Company, Appellant.

### Gen. No. 18,941. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. VIRGIL W. MILLS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914.

### Statement of the Case.

Action by William S. Tait against Chicago Structural Tile Company to recover for expenses laid out by plaintiff and for salary due as manager of the defendant corporation. From a judgment in favor of plaintiff for $441.13, defendant appeals.

STEDMAN & SOELKE, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 82*—*admissibility of evidence in suit for salary and expenses.* In an action against a corporation to recover for money laid out and for salary due, where the contract of employment was in writing and did not provide that the corporation

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

should pay for certain expenses of plaintiff, exclusion of testimony of the president of the corporation that in a conversation with plaintiff he told plaintiff not to expend any money on behalf of the company as an expense account without his orders, *held* reversible error.

---

## Gertrude Wimmer, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 18,960.

1. CARRIERS, § 480*—*negligence in operation of street car is question of fact.* What constitutes negligence in the operation of a street car is a question of fact, not one of law.

2. CARRIERS, § 491*—*when instruction as to care required in stopping street car for passenger to alight, erroneous.* In an action against a street railway Company to recover for personal injuries resulting from a sudden jar or jerk of the car while plaintiff was upon the rear platform and after she had given a signal to stop at a crossing, an instruction given for plaintiff which in effect told the jury that failure to stop the car by a gradual slowing down of speed or to bring the car to a gradual stop in order to enable it to stop at the next street crossing was negligence, *held* erroneous as declaring it to be the absolute duty of defendant to bring the car to a gradual stop when as a matter of law its duty was to exercise the highest degree of care.

3. CARRIERS, § 484*—*when instruction as to care required in controlling street car erroneous.* In an action for injuries resulting from defendant's negligence in stopping its car for plaintiff to alight, an instruction given for plaintiff which told the jury that it was defendant's duty "to so control and manage the car as not to endanger her safety," *held* erroneous as placing upon the defendant the duty of an insurer.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.